[Cite as *State v. Oehmke-Dunbar*, 2018-Ohio-1241.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo

    Appellee

v.

Lisa Oehmke-Dunbar

    Appellant

Court of Appeals No.   L-17-1026
L-17-1028

Trial Court No.     CRB-16-13169
CRB-16-13170

**DECISION AND JUDGMENT**

Decided:  March 30, 2018

* * * * *

David Toska, City of Toledo Chief Prosecutor, and
Henry Schaefer, Assistant Prosecutor, for appellee.

Tyler Naud Jechura, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is a consolidated appeal of the December 14, 2016 judgment of the

Toledo Municipal Court, Lucas County, Ohio, denying appellant's oral motion for a

continuance of a previously scheduled bench trial. The motion was made right as the trial was about to commence. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Lisa Oehmke-Dunbar, sets forth the following assignment of error:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT

DENIED THE MOTION OF THE DEFENSE FOR A CONTINUANCE,

THEREBY PREVENTING THE DEFENSE FROM PRESENTING ANY

EVIDENCE.

{¶ 3} The following undisputed facts are relevant to this appeal. On September 9, 2016, the Toledo Police Department were called to an emergency situation at a Toledo residence. An ensuing standoff between appellant and the responding officers was triggered by appellant's conduct in pointing a weapon at her two teenage daughters. In addition to the threat of physical harm posed to the daughters, appellant also threatened suicide during the course of these events.

{¶ 4} Fortunately, the situation ultimately resolved peaceably, without injuries or death. As a result of these events, appellant was charged with two counts of menacing, in violation of R.C. 2903.22, misdemeanors of the first degree, and two counts of domestic violence, in violation of R.C. 2919.25, misdemeanors of the fourth degree.

{¶ 5} The case was subsequently set for bench trial on December 14, 2016, approximately three months after the underlying incident occurred. In the interim, several pretrial hearings had been conducted in unsuccessful efforts to resolve the matter.

2.

{¶ 6} On December 14, 2016, as the previously scheduled bench trial was about to commence, counsel for appellant orally motioned the court for a continuance of the trial for the asserted purpose of securing the presence of several defense witnesses.

{¶ 7} Notably, appellant proffered no explanation or compelling reason as to why these witnesses had not previously been identified and subpoenaed to appear at trial. The motion was denied.

{¶ 8} The matter proceeded to a bench trial. Appellant was found guilty on all pending charges. On January 4, 2017, appellant was sentenced to credit for time served, placed on probation, and ordered to undergo mental health treatment. This appeal ensued.

{¶ 9} In the sole assignment of error, appellant contends that the trial court abused its discretion in denying appellant's oral motion for a continuance of the trial. In support, appellant suggests that because no previous trial continuance had been requested, appellant should have essentially been automatically entitled to a continuance. We are not convinced.

{¶ 10} It is well-established that it lies within the discretion of the trial court to make case-by-case determinations regarding continuance motions. Accordingly, this matter is reviewed pursuant to the abuse of discretion standard of review.

{¶ 11} Demonstration of an abuse of discretion requires more than showing a mere error of law or judgment. Rather, it must be shown that the disputed trial court action was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

3.

{¶ 12} In support of this appeal, appellant summarily states, "[I]t is obvious the court abused its discretion when it denied [appellant's] motion for continuance. [Appellant] had not [previously] requested a continuance." We do not concur.

{¶ 13} The record reflects that appellant proffered no specific rationale regarding why the subject witnesses for the defense had not previously been subpoenaed to appear at the scheduled trial court date. On the contrary, the record reflects that although appellant contends that she had timely provided the relevant witness information to trial counsel, the record further reflects that appellant's trial counsel disputed this contention and conveyed that the information had not been provided by appellant.

{¶ 14} Regardless, the record is devoid of any objective evidence of any compelling reason why the witnesses could not have been timely subpoenaed to appear at the scheduled trial date.

{¶ 15} More significantly, the record contains no evidence suggesting unfair prejudice given that the events which would be the subject of the witness testimony were also observed by multiple responding officers who were present and available to testify and undergo cross-examination regarding these events.

{¶ 16} Based upon the foregoing, we find that appellant has failed to establish that the denial of the motion for a continuance of the trial date was unreasonable, arbitrary or unconscionable under the facts and circumstances of this case. We find appellant's assignment of error not well-taken.

4.

**{¶ 17}** On consideration whereof, the judgment of the Toledo Municipal Court, Lucas County, Ohio, is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                        _____
                                                                         JUDGE

Thomas J. Osowik, J.

                                                                _____
Christine E. Mayle, P.J.                                      JUDGE
CONCUR.

                                                                _____
                                                                         JUDGE